1  RAMIRO MORALES, #007101
2  MORALES FIERRO & REEVES
   375 N. Stephanie Street, Bldg. 2
3  Henderson, NV 89014
   Telephone: 702 /699-7822
4  Facsimile 702 /699-9455

5  Attorneys for Plaintiff
   QUANTA SPECIALTY LINES INSURANCE
6  COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10

11
   QUANTA SPECIALTY LINES INSURANCE    )   CASE NO.
12 COMPANY, an Indiana corporation,     )
                                        )   **COMPLAINT FOR DECLARATORY**
13       Plaintiff,                     )   **RELIEF**
                                        )
14 vs.                                  )
                                        )
15 BEHL CONSTRUCTION, LLC a Nevada limited )
   liability company, d/b/a BEHL HOME   )
16 CONSTRUCTION LLC and d/b/a BEHL      )
   CUSTOM HOMES, LLC;  MARK R. BEHL, an )
17 individual; GARY GINTOFF, an individual; )
   SUSAN GINTOFF, an individual;        )
18                                       )
         Defendants.                     )
19                                        )
                                         )
20 _____ )

21

22       QUANTA SPECIALTY LINES INSURANCE COMPANY ("QUANTA") alleges as follows:

23                            **PARTIES**

24       1.      At all times herein, QUANTA was and is a corporation organized and existing under

25 and by virtue of the laws of the State of Indiana.  As of the time of the events that gave rise to this

26 complaint, QUANTA was authorized to, and was engaged in the business of writing surplus lines

27 insurance in the State of Nevada.  QUANTA'S principal place of business is the State of New York.

28       2.      On information and belief, QUANTA alleges that at all times relevant herein

COMPLAINT
                                          1

Defendant BEHL CONSTRUCTION, LLC was a limited liability company organized and existing under and by virtue of the laws of the State of Nevada, with its principal place of business in Nevada.

3.      Based on currently available information, QUANTA understand and believes that at all times relevant herein Defendant BEHL CONSTRUCTION, LLC also conducted business under the fictitious business names of BEHL HOME CONSTRUCTION, LLC and BEHL CUSTOM HOMES LLC.  Based on information and belief QUANTA therefore alleges that the names BEHL HOME CONSTRUCTION, LLC and BEHL CUSTOM HOMES refer only to BEHL CONSTRUCTION, LLC and not to a subsidiary, member, shareholder, or successor in interest to BEHL CONSTRUCTION, LLC, or to any other actually existing legal entity.  However, to the extent that further information may be developed regarding the legal existence of the various entities that may properly be named as Defendants herein, QUANTA reserves the right to amend this Complaint to name additional Defendants, and to correct the names by which Defendants are identified.

4.      On information and belief, QUANTA alleges that Defendant MARK R. BEHL is an individual, residing in the State of Nevada as of the time of the events that give rise to the present action. On information and belief QUANTA alleges that at all relevant times herein MARK R. BEHL was the President and/or managing member of BEHL CONSTRUCTION, LLC.

5.      On information and belief, QUANTA alleges that Defendant GARY GINTOFF is an individual, residing in the State of Nevada.

6.      On information and belief, QUANTA alleges that Defendant SUSAN GINTOFF is an individual, residing in the State of Nevada.

7.      Defendants BEHL CONSTRUCTION, LLC, including any fictitious names used by this entity, and MARK R. BEHL, will hereinafter be referred to collectively as "BEHL."

8.      Defendants GARY GINTOFF and SUSAN GINTOFF will hereinafter be referred to collectively as the "GINTOFFS."

9.      Defendant BEHL CONSTRUCTION, LLC, Defendant MARK R. BEHL, Defendant GARY GINTOFF and Defendant SUSAN GINTOFF will hereinafter be referred to collectively as "DEFENDANTS."

/ / /

COMPLAINT

2

1

## JURISDICTION AND VENUE

2      10.     This Court has original jurisdiction under 28 U.S.C. § 1332, as QUANTA and

3  DEFENDANTS are citizens of different states, and as the amount in controversy in the present action

4  exceeds seventy-five thousand dollars ($75,000), exclusive of costs and interest.

5      11.     Venue is proper in the United States District Court of Nevada in that all

6  DEFENDANTS are subject to personal jurisdiction in this District at the time the action is

7  commenced, and as there is no District in which the action may otherwise be brought.  The subject

8  matter of this action, a single family home located at 11192 Dixon Lane in Reno, Nevada (hereinafter

9  "the Property"), is located in this District.  Moreover, the action entitled *Gintoff v. Mark R. Behl, Behl*

10  *Custom Homes, et al.*, Washoe County District Court Case No. 06000326, (hereinafter "Underlying

11  Action") that gives rise to DEFENDANTS' claims for coverage under policy number QNG0001379-

12  00, issued by QUANTA, is currently being litigated within this District.

13

## QUANTA'S INSURANCE POLICY

14      12.     QUANTA issued a commercial general liability policy number QNG0001379-00,

15  effective September 15, 2004 through September 15, 2005, with the Named Insured under said policy

16  identified as BEHL HOME CONSTRUCTION, LLC, (hereinafter the "Policy").   As set forth above,

17  QUANTA understands and believes that BEHL HOME CONSTRUCTION, LLC is a fictitious

18  business name for BEHL CONSTRUCTION, LLC, and that BEHL CONSTRUCTION, LLC is the

19  correct legal name for the Named Insured under the Policy.  To the extent that further information

20  may be developed regarding the legal existence of the various entities that may properly be named as

21  Defendants herein, QUANTA reserves the right to amend this Complaint to correctly identify the

22  insured(s) under the Policy, and to assert that the Policy does not provide coverage for any specific

23  Defendant because that Defendant does not qualify as an insured under the Policy.  A true and correct

24  copy of the Policy issued by QUANTA is attached hereto as EXHIBIT A.  The Policy is incorporated

25  herein by reference with the same effect as if all of its language was fully set forth.

26      13.     The Policy only covers damages because of "property damage" that occurs during the

27  policy period, if said "property damage" is not otherwise excluded.  "Property damage" is defined as

28  physical injury to tangible property, including all resulting loss of use of that property, or loss of use

COMPLAINT

3

of tangible property that is not physically injured.

14.    The Policy only applies to damages because of "property damage" caused by an "occurrence," if said damage is not otherwise excluded.  The Policy defines "Occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15.    The Policy also contains certain exclusions, including but not limited to the following:

j.    Damage to Property

"Property damage" to:

* * *

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

* * *

m.    Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

16.    The Policy defines "Your work" as follows:

"Your Work":

a.    Means:

COMPLAINT

4

      (1)     Work or operations preformed by you or on your behalf; and

      (2)     Materials, parts or equipment furnished in connection with such work or operations.

   b.   Includes

      (1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      (2)     The providing of or failure to provide warnings or instructions.

17.    The Policy defines "Products-completed operations hazard" as follows:

"Products-Completed operations hazard":

   a.   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1)     Products that are still in your physical possession; or

      (2)     Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

         (a)     When all of the work called for in your contract has been completed.

         (b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

         (c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

## **GENERAL ALLEGATIONS**

18.    The Property is owned by the GINTOFFS.  Based on available information, QUANTA understand and believes that, on or about November 5, 2003 and/or December 7, 2004, the GINTOFFS contracted with BEHL CONSTRUCTION, LLC, d/b/a BEHL CUSTOM HOMES, LLC, to have a home constructed on the Property.  Only the name BEHL CUSTOM HOMES, LLC is used on the written contract with the GINTOFFS.  Based on currently available information, QUANTA understands and believes that BEHL CONSTRUCTION, LLC worked

on the Property under the fictitious name BEHL CUSTOM HOMES, LLC.

19.     Work on the Property commenced in or around April, 2005, and continued through the expiration of the Policy.

20.     Defendant MARK R. BEHL worked on the Property in his capacity as the President of BEHL CONSTRUCTION, LLC, d/b/a BEHL CUSTOM HOMES, LLC, and not in any other capacity.

21.     On February 14, 2006, the GINTOFFS filed a Complaint in the Underlying Action against MARK R. BEHL, individually, and BEHL CUSTOM HOMES, LLC.

22.     BEHL tendered defense and indemnity of the Underlying Action to QUANTA.  On or about April 10, 2006, QUANTA acknowledged the tender and agreed to provide a defense to its insured(s), while reserving all rights under the terms of the policy issued by QUANTA, and while reserving all rights available to QUANTA under applicable law, which specifically included the right to withdraw from the defense and the right to file an action seeking Declaratory Relief regarding QUANTA'S respective rights and obligations under the terms of the Policy.

23.     The Complaint in the Underlying Action asserts causes of action for (1) breach of contract, (2) negligence, (3) intentional misrepresentation/fraud, (4) negligent misrepresentation, (5) negligence per se (contracting above license limit), (6) fraud, (7) quantum meruit/unjust enrichment, and (8) bad faith.

24.     In the Complaint in the Underlying Action, the GINTOFFS allege that MARK R. BEHL and BEHL CUSTOM HOMES, LLC deviated from applicable plans and specifications, failed to utilize materials as required by contract, and caused delays in the construction schedule.  The GINTOFFS also allege breach of the duty to perform construction in a manner similar to contractors of like skill and training in the business of custom built homes.

25.     In the Complaint in the Underlying Action, the GINTOFFS also allege that MARK R. BEHL and BEHL CUSTOM HOMES, LLC failed to supply adequate supervision.

26.     In the Complaint in the Underlying Action, the GINTOFFS allege that MARK R. BEHL and BEHL CUSTOM HOMES, LLC, used poor quality materials.

27.     In the Complaint in the Underlying Action, the GINTOFFS allege that MARK R.

COMPLAINT

6

BEHL and BEHL CUSTOM HOMES, LLC demonstrated poor workmanship and used inadequately trained and unlicensed subcontractors.

28.     In the Complaint in the Underlying Action, the Gintoffs do not allege that work performed by anyone, including but not limited to MARK R. BEHL and BEHL CUSTOM HOMES, LLC, caused "property damage" as defined by the Policy.

29.     In the Underlying Action the GINTOFFS claim they are entitled to compensation for overpayments made to BEHL, and claim that the contract between the GINTOFFS and BEHL CUSTOM HOMES, LLC was void because it was in excess of the license limit under which BEHL CUSTOM HOMES, LLC worked on the GINTOFFS' home.

30.     In the Underlying Action the GINTOFFS claim they are entitled to be compensated for excessive change orders made by BEHL CUSTOM HOMES, LLC.

31.     In the Underlying Action the GINTOFFS did not allege, and have not alleged, that work performed by anyone, including but not limited to MARK R. BEHL and BEHL CUSTOM HOMES, LLC, caused "property damage" as defined by the Policy.

32.     In March of 2006, MARK R. BEHL and BEHL CUSTOM HOMES, LLC filed a Motion to Dismiss the Complaint in the Underlying Action because the GINTOFFS had failed to comply with Nevada Revised Statute § 40.645, et seq.

33.     On or about January 5, 2007, the GINTOFFS opposed the Motion to Dismiss made by MARK R. BEHL and BEHL CUSTOM HOMES, LLC, and asserted that they were not required to comply with Nevada Revised Statute § 40.645 et seq. because their Complaint did not allege construction defects.

34.     The Court in the Underlying Action, when ruling on the Motion to Dismiss made by MARK R. BEHL and BEHL CUSTOM HOMES, LLC, agreed that the GINTOFFS were not required to comply with the requirements of Nevada Revised Statute § 40.645 et seq. because the GINTOFFS' claims were "garden-variety breach of contract claims," not claims for construction defect.

35.     On or about August 8, 2007, the GINTOFFS served a Response to Request for Additional Facts in the Underlying Action which stated that their claims were based on the following facts: (1) BEHL CUSTOM HOMES, LLC terminated its contract with the GINTOFFS and refused to

complete construction of the Property; (2) mistakes made in the construction of the property caused the GINTOFFS to incur increased costs; (3) BEHL CUSTOM HOMES, LLC's failure to perform under its contract with the GINTOFFS forced the GINTOFFS to extend their construction loan; (4) BEHL CUSTOM HOMES, LLC failed to pay   material suppliers and subcontractors.

36.     Throughout the course of the litigation in the Underlying Action, the claims made by the GINTOFFS with regard to alleged improper workmanship or mistakes made by MARK R. BEHL and BEHL CUSTOM HOMES, LLC in the construction of the property have been limited to the following: (1) the lot was improperly graded, resulting in a foundation which was too low and required more concrete than specified in the foundation allowance, requiring additional costs to be incurred for concrete; (2) construction did not account for the fact that the Property is located in a flood plain; (3) Unspecified framing problems that were subsequently remedied by BEHL resulted in additional costs.

37.     In or around November 2009, QUANTA wrote to the GINTOFFS to request that they provide any facts that the damages at issue in the Underlying Action involved "property damage" as defined by the Policy.   QUANTA advised the GINTOFFS that QUANTA would "proceed with the understanding that the claim [was] not covered by the policy" if the GINTOFFS provided no further information.

38.     The GINTOFFS never responded to QUANTA'S letter, received by the GINTOFFS in or around November 2009, by which QUANTA requested any facts that the damages at issue in the Underlying Action involved "property damage" as defined by the Policy.

39.     Since issuing its reservation of rights letter to BEHL on or about April 10, 2006, QUANTA has been defending BEHL in the Underlying Action.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief – Indemnity)**

40.     QUANTA incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 39 above.

41.     The claims in the Underlying Action do not allege "property damage" and/or other types

COMPLAINT

8

of covered harm occurring during the relevant period of the Policy issued by QUANTA.  Instead, the Complaint in the Underlying Action seeks damages for intangible, economic injury.

42.     Based on the foregoing, the claims in the Underlying Action do not present a covered claim under the Policy.

43.     The claims in the Underlying Action are also excluded from coverage by operation of one or more of the exclusions contained within the Policy, including but not limited to the exclusions and related terms set forth in paragraphs 15 through 17, above.

44.     Based on the lack of "property damage" presented by the claims in the Underlying Action, and based on application of the relevant exclusions and other terms in the Policy, QUANTA contends that it does not have a duty to indemnify BEHL.  On information and belief, QUANTA alleges that DEFENDANTS oppose QUANTAS' contentions, and they the instead assert that QUANTA has a duty to indemnify BEHL.

45.     An actual, present and justiciable controversy has therefore arisen and now exists between the parties concerning QUANTA's duty to indemnify BEHL ENTITIES in the Underlying Action.

46.     A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties, and obligations regarding this dispute.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Declaratory Relief – Duty to Defend)**

47.      QUANTA incorporates by reference as though fully set forth herein the allegations in Paragraphs 1 through 39, above.

48.     The claims in the Underlying Action do not allege "property damage" and/or other types of covered harm occurring during the relevant period of the QUANTA policy.  The claims in the Underlying Action thus do not present a potentially covered claim under the policy.

/ / /

/ / /

COMPLAINT

49.     The claims in the Underlying Action are also excluded from coverage by operation of one or more of the exclusions contained within the policy, including but not limited to the exclusions and related terms set forth in paragraphs 15 through 17, above.

50.     Based on the lack of "property damage" presented by the claims in the Underlying Action, and based on application of the relevant exclusions and other terms in the Policy, QUANTA contends that it does not have a duty to Defend BEHL.  The DEFENDANTS oppose QUANTA'S contentions, and instead assert that QUANTA has a duty to defend BEHL.

51.     By reason of the foregoing, an actual controversy exists between QUANTA and DEFENDANTS, which requires a judicial determination by this Court of QUANTA'S duty to defend BEHL in the Underlying Action.

52.     A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the Policy issued by QUANTA.

WHEREFORE, QUANTA prays for judgment against DEFENDANTS as hereinafter set forth.

## PRAYER FOR RELIEF

QUANTA prays for judgment against DEFENDANTS, and each of them, as follows:

1.     On the First Cause of Action for Declaratory Relief:  for a declaration and determination that QUANTA owes no duty under to indemnify BEHL in the Underlying Action;

2.     On the Second Cause of Action for Declaratory Relief:  for a declaration and determination that QUANTA owes no duty to defend BEHL in the Underlying Action.

3.     For an award of costs incurred in pursuit of the present action;

4.     For all other relief the Court deems just and proper.


DATED: June 24, 2010                     MORALES FIERRO & REEVES



                                         By:   _/s/ Ramiro Morales_____
                                              RAMIRO MORALES
                                              Attorneys for Plaintiff
                                              QUANTA SPECIALTY LINES INSURANCE
                                              COMPANY

COMPLAINT